UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
MAHMOOD A. KHAN,

                Plaintiff,

                                                               MEMORANDUM AND ORDER

                -against-                                    20-CV-1290 (RPK) (RML)

WESTERN EXPRESS INC. and LAWRENCE
HUGGINS,

                Defendants.
-----------------------------------------------------------x

RACHEL P. KOVNER, United States District Judge:

      Plaintiff Mahmood A. Khan filed this action in state court seeking damages for injuries sustained in an automobile collision. He named as defendants the driver of the other vehicle and the vehicle's corporate owner. Defendants removed the case to federal court and moved to dismiss the complaint for lack of personal jurisdiction, arguing that they are not subject to general jurisdiction in New York and that the facts of this case do not establish specific jurisdiction. Plaintiff has not responded to that motion. For the reasons set forth below, defendants' unopposed motion to dismiss is granted.

## BACKGROUND

      Plaintiff, a citizen of New York, filed this lawsuit in Kings County Supreme Court. Notice of Removal Ex. A (Dkt. #1). He avers that he was injured in an automobile accident when his car collided in New Jersey with a vehicle driven by defendant Lawrence Huggins and owned by defendant Western Express, Inc. *See id.* ¶¶ 1-7. Plaintiff claims the accident was caused by defendants' negligence. *See id.* ¶¶ 8-10. He alleges that he sustained serious injuries in the accident, and seeks damages in excess of $100,000. *See id.* ¶ 11; Notice of Removal ¶ 11. Huggins

is a citizen of Virginia and Western Express is a citizen of Tennessee. Notice of Removal ¶ 9. Defendants removed the case to federal court under 28 U.S.C. § 1441(a), invoking diversity jurisdiction. *Id.* ¶ 8.

Shortly after removing the case, defendants requested a pre-motion conference on their anticipated motion to dismiss for lack of personal jurisdiction. Their letter argued that the Court lacks personal jurisdiction over defendants because the events giving rise to the suit occurred in New Jersey and neither defendant is subject to general jurisdiction in New York. *See* Letter Motion for Pre-Motion Conference (Dkt. #6). I issued an order directing plaintiff to respond. When plaintiff failed to meet the deadline for a response, defendants filed a second letter reaffirming their request for a pre-motion conference. *See* Motion for Pre-Motion Conference (Dkt. #7). I construed defendants' first letter as a motion to dismiss for lack of personal jurisdiction and set a briefing schedule, warning plaintiff that if he did not file an opposition, defendants' motion might be granted as unopposed. *See* Order (June 2, 2020). Plaintiff did not submit an opposition.

## STANDARD OF REVIEW

On a motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of showing that the court has jurisdiction over the defendant. *In re Magnetic Audiotape Antitrust Litig.*, 334 F.3d 204, 206 (2d Cir. 2003) (per curiam) (citing *Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 566 (2d Cir. 1996)). Before discovery has taken place, "a plaintiff is required only to make a *prima facie* showing by pleadings and affidavits that jurisdiction exists." *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865 (2d Cir. 1996) (citing *Ball v. Metallurgie Hoboken-Overpelt, S.A.*, 902 F.2d 194, 197 (2d Cir. 1990). Under that standard, "a complaint will survive a motion to dismiss for want of personal

jurisdiction so long as its allegations, taken as true, are 'legally sufficient allegations of jurisdiction.'" *Troma Entm't, Inc. v. Centennial Pictures Inc.*, 729 F.3d 215, 217 (2d Cir. 2013) (quoting *Penguin Grp. (USA) Inc. v. American Buddha*, 609 F.3d 30, 35 (2d Cir. 2010)). In this posture, the court must construe all pleadings and affidavits in the light most favorable to the plaintiff and resolve all doubts in his favor. *Penguin Grp.*, 609 F.3d at 34 (citing *DiStefano v. Carozzi N. Am., Inc.*, 286 F.3d 81, 84 (2d Cir. 2001) (per curiam)). At the same time, a court may consider materials outside the pleadings in reaching its conclusions. *Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 86 (2d Cir. 2013).

## DISCUSSION

Under Federal Rule of Civil Procedure 4(k)(1)(A), "[w]ith exceptions not relevant here, a district court sitting in a diversity action such as this may exercise personal jurisdiction to the same extent as the courts of general jurisdiction of the state in which it sits." *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 305 F.3d 120, 124 (2d Cir. 2002); *see Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014) ("Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons."). A federal court in New York must therefore engage in "a two-step analysis" to determine whether personal jurisdiction exists in a diversity suit. *Bank Brussels Lambert*, 305 F.3d at 124. First, the court must determine if New York statutes would confer jurisdiction over the defendant. *Ibid.* Then, "[i]f there is a statutory basis for jurisdiction," a court should ascertain "whether New York's extension of jurisdiction in such a case would be permissible under the Due Process Clause of the Fourteenth Amendment." *Ibid.*

Plaintiff has failed to establish personal jurisdiction over either defendant under these principles. Plaintiff has not shown a statutory or constitutional basis for "specific" jurisdiction—which exists when a suit arises out of or is related to the defendant's contacts with the forum state.

3

*Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984). The accident here occurred in New Jersey, not New York, and plaintiff has made "no serious attempt to show that [his] suit either arises out of, or is related to, [defendants'] contacts" with New York, *Porina v. Marward Shipping Co., Ltd.*, 521 F.3d 122, 128 (2d Cir. 2008); *cf.* N.Y. C.P.L.R. § 302(a)(2) (providing specific jurisdiction when an individual commits a tortious act *within* the State).

Nor has plaintiff established that a New York court would be statutorily or constitutionally authorized to adjudicate this lawsuit under principles of "general" jurisdiction, which allow defendants to be sued based on their pervasive forum contacts, even when the claims in the suit do not relate to the defendants' in-forum activities. *See Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 624 (2d Cir. 2016). Plaintiff has identified no statutory basis for New York courts to exercise general jurisdiction over defendant Huggins, who maintains that he is a citizen of Virginia. Notice of Removal ¶ 9; *see Maldonado v. Rogers*, 99 F. Supp. 2d 235, 237-40 (N.D.N.Y. 2000) (finding no general jurisdiction under New York law over nondomiciliary defendant where automobile accident occurred outside New York); *Morales v. Schofield*, 174 F.R.D. 253, 257-58 (E.D.N.Y. 1997) (same); *Torres v. Torres*, 603 F. Supp. 440, 441 (E.D.N.Y. 1985) (same). Nor has plaintiff put forward any basis to conclude that New York courts' exercise of general jurisdiction over Huggins would be consistent with constitutional limitations. The Constitution permits a State to exercise general jurisdiction over defendants only when "their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State"—as an individual is in their State of domicile. *Daimler*, 571 U.S. at 117, 127 (2014) (citations omitted). Plaintiff has not pleaded that defendant Huggins is at home in New York, based on his domicile or any other contacts.

Plaintiff has also failed to establish personal jurisdiction over defendant Western Express based on principles of general jurisdiction because even if New York law provides a statutory basis for such jurisdiction, constitutional limits do not allow it. New York C.P.L.R. § 301 permits a state court to exercise general jurisdiction over a defendant that is "doing business" in the State of New York. *Wiwa v. Royal Dutch Petroleum Co.*, 226 F.3d 88, 95 (2d Cir. 2000). That standard requires that the defendant be "engaged in 'continuous, permanent, and substantial activity in New York.'" *Ibid.* Plaintiff's sole allegation about the forum contacts of Western Express, which represents that it is Tennessee corporation, *see* Notice of Removal ¶ 9, is that the company is "authorized to do business in New York," *id.* Ex. A at ¶ 2. Courts have reached conflicting conclusions on whether possessing such a license qualifies as "doing business" in New York for the purposes of Section 301. *See MWL Brasil Rodas & Eixos LTDA v. K-IV Enterps. LLC*, 661 F. Supp. 2d 419, 423 (S.D.N.Y. 2009) (collecting cases finding that it does); *but see Wright v. Maersk Line, Ltd.*, No. 99-CV-11282, 2000 WL 744370, at *1 (S.D.N.Y. June 9, 2000) (finding that it does not) (citing *Bellepointe, Inc. v. Koh's Dep't Stores, Inc.*, 975 F. Supp. 562, 564 (S.D.N.Y. 1997)).

But the Supreme Court's guidance indicates that even if possessing a business license in New York qualifies as "doing business" in the State under New York C.P.L.R. § 301, such a contact would not be constitutionally sufficient for general jurisdiction. In *Daimler*, the Supreme Court explained that for a corporate defendant, "the place of incorporation and principal place of business are paradigm bases for general jurisdiction," *Daimler*, 571 U.S. at 137 (citation and internal quotation marks omitted), and that only in "an exceptional case" will a corporation's operations in a state that is not its state of incorporation or principal place of business be "so substantial and of such a nature" as to subject it to general jurisdiction in the courts of that state,

5

*id.* at 139 n.19.  As courts have consistently concluded following *Daimler*, a business may therefore not be subject to general jurisdiction in New York merely because it is licensed to do business there.  *See, e.g.*, *Chufen Chen v. Dunkin' Brands, Inc.*, 954 F.3d 492, 499-500 (2d Cir. 2020); *Gucci Am., Inc. v. Weixing Li*, 768 F.3d 122, 135 (2d Cir. 2014); *Hitachi Data Sys. Credit Corp. v. Precision Discovery, Inc.*, 331 F. Supp. 3d 130, 140-42 (S.D.N.Y. 2018); *Chatwal Hotels & Resorts LLC v. Dollywood Co.*, 90 F. Supp. 3d 97, 103-05 (S.D.N.Y. 2015); *see also Lockheed Martin Corp.*, 814 F.3d at 629 ("[W]hen a corporation is neither incorporated nor maintains its principal place of business in a state, mere contacts, no matter how 'systematic and continuous,' are extraordinarily unlikely to add up to an 'exceptional case.'").  Because general jurisdiction under New York C.P.L.R. § 301 does not reach businesses simply because they are licensed to do business in the State, plaintiff has not established that this Court has personal jurisdiction over defendant Western Express under Rule 4(k)(1)(A).

## CONCLUSION

The complaint does not present "legally sufficient allegations of jurisdiction."  *Penguin Grp.*, 609 F.3d at 35.  Accordingly, defendants' motion to dismiss is GRANTED.

SO ORDERED.

       /s/  Rachel Kovner
      RACHEL P. KOVNER
      United States District Judge

Dated:     Brooklyn, New York
             August 12, 2020